**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**June 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

EARTHGRAINS BAKING
COMPANIES, INC.,

    Plaintiff - Appellee,

v.

SYCAMORE FAMILY BAKERY,
INC.; LELAND SYCAMORE,

    Defendants.

------------------------------

SYCAMORE FAMILY LLC; TYLER
SYCAMORE,

    Interested Parties - Appellants.

------------------------------

R. WAYNE KLEIN,

    Receiver - Appellee.

No. 24-4085
(D.C. No. 2:09-CV-00523-DAK-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

_____

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This appeal marks another chapter in EarthGrains Baking Companies, Inc.'s, efforts to collect on its multimillion-dollar judgment against Leland Sycamore and Sycamore Family Bakery, Inc. After determining that Leland and the Sycamore Family Bakery were preventing EarthGrains from collecting on the judgment in bad faith, the district court entered a charging order against Leland's interest in Sycamore Family, LLC, under which Leland's assets in the LLC were paid to EarthGrains. But Leland and the LLC refused to comply with the order, and the district court appointed a receiver to ensure their compliance.

Years after the district court entered the charging order and appointed a receiver, the LLC and Tyler Sycamore (the son of Leland), who were not parties in the district-court litigation, moved as interested parties to terminate the charging order and receivership. They argued that the judgment had expired under Utah law after EarthGrains failed to renew the judgment within the time given by the statute of limitations. Applying tolling under the applicable Utah statute, the district court concluded that the statute of limitations had not expired and denied the motion.

Before us, the LLC and Tyler challenge the district court's ruling. As a jurisdictional matter, we conclude that Tyler lacks standing. So we dismiss him as a party to this appeal. But we conclude that the LLC has standing and that it has a unique interest in bringing this appeal as a nonparty. Even so, we conclude that the LLC's claim lacks merit, so we affirm the district court's ruling and remand for further proceedings consistent with this opinion.

2

# BACKGROUND

## I.    Factual Background

### A.    The Judgment (2012) and the Charging Order (2014)

In 2012, a jury found that Leland Sycamore and Sycamore Family Bakery, Inc., had infringed EarthGrains's trademarks, engaged in unfair competition, and breached their contract with EarthGrains. On July 16, 2012, the district court entered a judgment (1) that Leland had forfeited his trademark rights in California, Nevada, and Arizona, and (2) awarding EarthGrains about $4.6 million in damages against Leland, and $26,100 against Sycamore Family Bakery, Inc., plus interest on both damages awards.[1]

For two years, Leland and the Sycamore Family Bakery failed to pay anything on the judgment. EarthGrains obtained supplemental discovery that revealed Leland was a partial owner in Sycamore Family LLC. With that, EarthGrains moved for a charging order against Leland's interest in the LLC.[2]

---

[1] After the district court entered the judgment, it awarded EarthGrains $1,091,336.40 in attorneys' fees and costs. Memorandum Decision and Order at 7, *EarthGrains Baking Cos., Inc. v. Sycamore Fam. Bakery Inc.*, No. 2:09-CV-00523-DAK-DBP (D. Utah Dec. 14, 2012), ECF No. 309; *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting that we may take judicial notice of publicly filed court records).

[2] As is relevant here, a charging order allows the court to charge the debtor's interest in an LLC with payment of the unsatisfied judgment. § 48-2c-1103(1)(a). In other words, "[a] charging order constitutes a lien on the judgment debtor's interest in the company." § 48-2c-1103(2)(a). The court has broad powers to enforce the charging order, including foreclosing on the

*(footnote continued)*

3

Utah Code Ann. § 48-2c-1103 (West 2014) (current version at Utah Code Ann. § 48-1d-604 (West 2025)). The district court granted the motion and charged Leland's rights and interests in the LLC "to the extent necessary to satisfy the Judgment in full."[3] App. vol. I, at 102. The charging order required the LLC to pay EarthGrains all distributions due to Leland until the judgment was satisfied. The order also required the LLC to disclose its planned distributions to Leland and prohibited the LLC from modifying any planned distribution to Leland without providing EarthGrains notice.

**B.      The Amended Judgment (2015) and the Receivership (2018)**

When the district court entered the judgment in 2012, Leland and the Sycamore Family Bakery appealed. Two years later, we affirmed in part and reversed in part. *EarthGrains Baking Cos. Inc. v. Sycamore Fam. Bakery, Inc.*, 573 F. App'x 676, 682–83 (10th Cir. 2014). We reversed part of the judgment, ruling that Leland had not forfeited his trademark rights in Arizona and Nevada, but we otherwise affirmed the judgment. *Id.* at 681. On September 1, 2015, the district court entered an amended judgment consistent with our order.

---

debtor's interest in the LLC or appointing a receiver. § 48-2c-1103(1)(b), (2)(b).

[3] EarthGrains's application also sought a charging order against another LLC in which Leland had an interest, Mary Rae Sycamore, LLC. But the court's charging order was against only Sycamore Family LLC, and EarthGrains does not challenge that decision on appeal.

Leland appealed the amended judgment. After another two-year wait, we affirmed. *EarthGrains Baking Cos., Inc. v. Sycamore Fam. Bakery, Inc.*, 721 F. App'x 736, 752 (10th Cir. 2017). By 2018, EarthGrains had still failed to collect a penny. It moved for sanctions, arguing that the LLC had willfully made distributions in violation of the charging order. The court agreed that the LLC had violated the charging order and appointed a receiver to oversee payment of the judgment. A year later, the receiver issued a report recommending that the district court order the LLC to pay EarthGrains $1.1 million from its cash holdings and to liquidate some of its real-estate assets to pay the rest of the multimillion-dollar judgment. The district court adopted the recommendation, and the LLC appealed.

C.    **The Appellate Stay (2020–2022)**

Soon after the LLC appealed the judgment, it moved for the district court to stay the part of its order that required it to liquidate real-estate assets. The district court granted the LLC's motion and entered a partial stay. The district court clarified that though it stayed the sale of the real-estate assets, the receiver must keep collecting rents from the LLC's properties and paying those rents to EarthGrains until the judgment was satisfied. Two years later, we reversed the district court's calculation of the amount of money the LLC distributed to Leland, but otherwise affirmed the judgment. *EarthGrains Baking Cos., Inc. v. Sycamore*, No. 19-4174, 2022 WL 433486, at *9, *12 (10th Cir. Feb. 14, 2022) (unpublished).

5

In March 2022, after we decided the appeal, the district court lifted the stay. *See EarthGrains Baking Cos., Inc. v. Sycamore Fam. Bakery Inc.*, No. 2:09-CV-00523-DAK-DBP, 2024 WL 3415905, at *1 (D. Utah July 15, 2024). In total, the partial stay ran 667 days.[4]

### D.    The Change-of-Counsel Stay (2023)

In March 2023, the LLC's counsel withdrew, and the district court stayed the case for twenty-one more days while the LLC sought new counsel. So combined with the appellate stay, the district court stayed the case for 688 days.

## II.    Procedural Background

In March 2024, as interested parties, the LLC and Tyler moved to terminate the charging order and receivership, arguing that the judgment was no longer enforceable because it had expired after eight years. *See* Utah Code Ann. § 78B-5-202(1) (West 2024). EarthGrains opposed the motion and moved to renew the judgment under Utah Code Ann. § 78B-6-1802 (West 2024).

The district court denied the motion to terminate and granted EarthGrains's motion to renew. *EarthGrains Baking Cos. Inc.*, 2024 WL 3415905, at *3. In applying the eight-year statute of limitations, the district

---

[4] The stay ran from March 30, 2020, to March 8, 2022, which is 708 days. But when the LLC appealed, it asked us to stay the district court's stay while the appeal was pending. We temporarily stayed the district court's stay to allow the parties to brief the issue. After we received briefing, we denied the LLC's motion and lifted our temporary stay, causing a 41-day pause in the district court's stay. So that stay was in effect for 667 days.

court concluded that the limitations period commenced on September 1, 2015, the filing date of the amended judgment. *Id.* at *1. For the two stays, the court tolled the judgment for about two years (688 days), which together meant that the amended judgment was not expired when the LLC and Tyler moved to terminate the charging order and receivership. *See id.* Though application of the stays made the motion to terminate premature, the district court also held that "its past findings as to the Sycamores' contempt, obstruction, and gamesmanship [since the judgment was entered] also support the court's exercise of its equitable powers to toll the expiration of the judgment for a period of at least two years." *Id.* at *2.

The LLC and Tyler filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.[5]

---

[5] Though the parties do not raise the issue, it is not readily apparent that the order is a final order, so we explain here the basis for our appellate jurisdiction under 28 U.S.C. § 1291. The LLC moved to terminate the charging order and receivership on the ground that the judgment was void. App. vol. II, at 141–42 (arguing that because the judgment expired under Utah law, "the Final Judgment and Amended Judgment are void, [and] there is no underlying judgment on which the Charging Order [and receivership] can be based" (citation modified)). The LLC's motion functionally sought to vacate the judgment under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b)(4) (permitting a party to move for relief from a judgment if "the judgment is void"). We have appellate jurisdiction over the merits of a denial of a Rule 60(b) motion "if the ruling or judgment the Rule 60(b) motion challenged was a district court's final decision." *Bartch v. Barch*, 111 F.4th 1043, 1052 n.6 (10th Cir. 2024) (quoting *Stubblefield v. Windsor Cap. Grp.*, 74 F.3d 990, 993 (10th Cir. 1996)). The judgment was final, so the district court's order is appealable.

## DISCUSSION

The LLC and Tyler contend that the judgment had expired when they moved to terminate the charging order and receivership. They dispute the district court's conclusions (1) that the eight-year statute of limitations began to run the day the amended judgment was entered rather than the day the initial judgment was entered; (2) that the two stays tolled the statute of limitations under the applicable Utah statute; and (3) that, alternatively, equitable tolling would sufficiently extend the statute of limitations. Before we address those arguments, we assess whether the LLC and Tyler have the authority to bring this appeal, an issue that no party has briefed.

## I.    Appellate Jurisdiction

Though the parties have failed to address two jurisdictional issues, "[w]e have a duty to resolve those issues before addressing the merits[.]" *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 992 (10th Cir. 2021). First, we address whether each party has standing. Second, we consider whether the interested parties have the authority to bring this appeal even though they were not parties in the district court.

### A.    Standing

Though EarthGrains challenged the LLC's and Tyler's standing in the district court, the district court failed to address those arguments and instead simply proceeded as if each party had standing. *EarthGrains Baking Co. Inc.*, 2024 WL 3415905, at *1–3. On appeal, EarthGrains does not revive its standing

8

arguments. But we analyze the LLC's and Tyler's standing on appeal because "it is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).

"To establish standing . . . a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). "The injury must be 'an invasion of a legally protected interest that is concrete and particularized and actual or imminent.'" *Frank*, 992 F.3d at 993 (quoting *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 64 (1997)). And "the appellant must be aggrieved by the order from which appeal is taken." *Id.* (citation modified). We analyze the LLC's and Tyler's standing separately.

**The LLC.** We have no trouble finding the LLC has standing. It challenges a charging order and receivership that forced the distribution of its assets. *See FDA*, 602 U.S. at 381. If we concluded that the judgment is void, and terminated the charging order and receivership, our decision would remedy the LLC's injury. *See Frank*, 992 F.3d at 993–94 (finding a nonparty lawyer had standing to challenge an order restricting his ability to obtain clients).

**Tyler Sycamore.** Tyler stands in a different posture. Unlike the LLC, he was not named in the charging order or the order appointing the receiver. And

9

we see no evidence that he would suffer an injury from the charging order and receivership. Indeed, in the district court he conceded that he lacked standing. As the party invoking our jurisdiction, he "bears the burden of establishing these elements." *Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1280 (10th Cir. 2024). Because he has failed to meet this burden, he lacks standing.

### B.   Jurisdiction over the Nonparties' Appeal

Having found that the LLC has standing, we next address whether we have jurisdiction over the LLC's appeal even though it was not a party in the district court.[6] Generally, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment[.]" *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). But a nonparty may appeal a judgment "where the non-party possesses a 'unique interest' in the outcome of the case and actively participates in the proceedings relating to that interest." *Abeyta v. City of Albuquerque*, 664 F.3d 792, 795 (10th Cir. 2011).

In an earlier appeal, Earthgrains disputed whether the LLC could appeal one of the district court's orders that allowed the receiver to transfer the LLC's assets to EarthGrains to satisfy the judgment. *EarthGrains Baking Cos., Inc.*, 2022 WL 433486, at *5. We concluded that the LLC could proceed as the appellant because it possessed a unique interest in the outcome. *Id.* at *6.

---

[6] Because Tyler lacks standing, we need not address whether he would have the authority to bring this appeal as a nonparty appellant.

Specifically, we concluded that the district court's order "directly and adversely affect[ed] the LLC's interests." *Id.* We also reasoned that though the LLC had not intervened in the district court, "it was named on the charging order, order appointing a receiver, and order implementing the receiver's recommendations." *Id.*

This appeal stands in a similar posture. The LLC attacks the charging order and receivership by challenging the underlying judgment's validity. So we have little trouble concluding that the LLC possesses that same unique interest in this appeal. *See Frank*, 992 F.3d at 993 ("The easiest cases for permitting nonparty appeal are those in which a court order directly binds the nonparty by name." (quoting 15A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3902.1, at 122 (2d ed. 1992)).

\* \* \*

We conclude that we have appellate jurisdiction over the LLC's claim but lack jurisdiction over Tyler's claim. Though they filed joint appellate briefs, they identify no argument specific to Tyler, so we consider all the arguments raised in their briefs as the LLC's.

## II.    The statute of limitations began to run the day the amended judgment was entered.

Federal Rule of Civil Procedure 69(a)(1) requires that if no federal statute applies, federal courts follow the state-law procedure "of the state where the court is located" when enforcing a federal money judgment. *Accord Bartch*

11

*v. Barch*, 111 F.4th 1043, 1057 (10th Cir. 2024). So, as Rule 69(a)(1) requires, the parties turned to Utah law. In Utah, unsatisfied judgments expire after eight years "unless enforcement of the judgment is stayed in accordance with law." § 78B-5-202(1). And a creditor can extend the expiration date of its judgment by successfully moving to renew "before the statute of limitations on the original judgment expires." § 78B-6-1802(2). To do so, the creditor must move for renewal "within the original action," § 78B-6-1802(1), providing to the court an affidavit that contains an accounting of all the payments on the unsatisfied judgment, § 78B-6-1802(3).

The parties first dispute the date on which the statute of limitations began to run. On the one hand, the LLC contends that it began to run the day the initial judgment was entered because the statutory term "original judgment" must mean the *first judgment* entered in the case. § 78B-6-1802(2). In its view, "original" renders any amended judgment irrelevant to the statute-of-limitations calculation. On the other hand, EarthGrains contends that the statute of limitations began to run the day the amended judgment was entered because "original judgment" must mean the *operative judgment* in the case. By EarthGrains's reading, "original" distinguishes the operative judgment in the case from a creditor's renewed judgment under § 78B-6-1802(2). The district court agreed with EarthGrains's reading of the statute and ran the statute of limitations from the entry date of the amended judgment. *EarthGrains Baking Cos. Inc.*, 2024 WL 3415905, at *1.

12

A.    **Standard of Review**

We review de novo the district court's interpretation of state law. *Jordan v. Maxim Healthcare Servs., Inc.*, 950 F.3d 724, 730 (10th Cir. 2020). Under Utah law, "when faced with a question of statutory interpretation, our primary goal is to evince the true intent and purpose of the Legislature." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 267 P.3d 863, 866 (Utah 2011) (citation modified). "In doing so, we presume, absent a contrary indication, that the legislature used each term advisedly." *McKitrick v. Gibson*, 496 P.3d 147, 152 (Utah 2021) (citation modified). We "determine the meaning of the text given the relevant context of the statute (including, particularly, the structure and language of the statutory scheme)." *Olsen v. Eagle Mountain City*, 248 P.3d 465, 469–70 (Utah 2011). We resort to other modes of statutory construction only if the statutory language is ambiguous, meaning its plain language is susceptible to two or more reasonable interpretations. *Marion Energy, Inc.*, 267 P.3d at 866.

B.    **Analysis**

We conclude that the statutory term "original judgment" refers to the operative judgment containing the money judgment. *See* § 78B-6-1802(2). Considering "original" in the full statutory context, we understand it as distinguishing between judgments produced in different *actions*. *See Olsen*, 248 P.3d at 470 ("The fact that the statutory language may be susceptible of

13

multiple meanings does not render it ambiguous; all but one of the meanings is ordinarily eliminated by context." (citation modified)).

Before the Renewal of Judgment Act enacted § 78B-6-1802 in 2011, a creditor seeking to renew an unsatisfied judgment had just one way to do so—it could file a new action to enforce the judgment. Utah Code Ann. § 78B-2-311 (West 2010); *see Gildea v. Wells Fargo Bank, N.A.*, 347 P.3d 385, 392 (Utah 2015) (commenting that "the Renewal of Judgment Act completely changed the landscape by creating a new mechanism for renewing a judgment" because it no longer required the creditor to file a new action). And that new action would produce another judgment. *See Gildea*, 347 P.3d at 392. So a creditor would have two judgments: the money judgment in the original action, and a judgment in a separate enforcement action. Though "satisfaction of one of the judgments operate[d] also as satisfaction of the other," a creditor was free to enforce *either* judgment. Restatement (Second) of Judgments § 18 cmt. j (A.L.I. 1982, Oct. 2024 update). So § 78B-6-1802 was enacted against a backdrop where a creditor would have two judgments in hand. And in that context, the "original judgment" is the one that produced the money judgment, not the judgment from the separate enforcement action. *See* § 78B-6-1802(2). That reading is also consistent with the statute's requirement that a renewal "motion is filed within the *original action*." § 78B-6-1802(1)'s (emphasis added).

All this leaves us with one final question: whether the operative judgment for calculating the statute of limitations is the amended or initial judgment. In

14

Utah, an amended judgment relates back to the initial judgment if the amendments do "not chang[e] the substance or character of the judgment[.]" *State v. Garner*, 106 P.3d 729, 732 (Utah 2005) (quoting *Adamson v. Brockbank*, 185 P.2d 264, 268 (Utah 1947)). "[B]ut where the modification or amendment is in some material matter, the time begins to run from the time of the modification or amendment." *Id.* (quoting *Adamson*, 185 P.2d at 268).

In its initial judgment, the court concluded that Leland had forfeited his trademark rights in California, Nevada, and Arizona. Leland appealed that judgment, and this court reversed the judgment in part, ruling that Leland had forfeited his trademark rights in only California. *EarthGrains Baking Cos. Inc.*, 573 F. App'x at 681. The district court amended the judgment consistent with that opinion.

The LLC argues that the amendment was immaterial because it "impacted only *one* paragraph." Op. Br. at 23. But materiality turns not on word count but on whether the substance or character of the judgment changed. *See Garner*, 106 P.3d at 732. And here, the amendment revived Leland's trademark rights in two states. That is plenty to make the amendment material. Thus, the eight-year period began to run the day the amended judgment was entered, September 1, 2015. Without any tolling, the judgment would have expired on September 1, 2023, and the motion to terminate would have been timely.

### III. The stays tolled the statute of limitations.

So this appeal comes down to whether the district court erred in tolling the statute of limitations by 688 days for the two stays. *See* § 78B-5-202(1) (tolling the statute of limitations if "enforcement of the judgment is stayed in accordance with law"). The LLC argues that the district court erred (1) because EarthGrains could have moved to renew the judgment despite the statutory stays, and (2) because no exceptional circumstances warranted equitable tolling. *See* Op. Br. at 25–29; Reply Br. at 11–12. Reviewing de novo the district court's application of the statute of limitations, *Burton v. R.J. Reynolds Tobacco Co.*, 397 F.3d 906, 914 (10th Cir. 2005), we affirm.

The LLC mistakenly focuses on equitable tolling without addressing statutory tolling. The tolling for the stays arose under § 78B-5-202(1). *EarthGrains Baking Cos. Inc.*, 2024 WL 3415905, at *1. Because the LLC makes no argument that the district court erred in applying 688 days of stays under the statute, our analysis ends there.[7] This is so because the stays extended

---

[7] The LLC—in an underdeveloped argument—argues that the appellate stay never prevented EarthGrains from enforcing the judgment, because it collected $275,000 on the judgment while the stays were in place. Reply Br. at 8 (arguing that "none of those stays were of a severity or duration so that enforcement of the judgment was 'rendered impossible'"); *see* Op. Br. at 36. The LLC is correct that the district court entered a partial stay of the judgment and that EarthGrains collected that sum while the case was stayed. But the LLC, which bears the burden of proving the district court incorrectly tolled the statute of limitations, *see State ex rel. S.O.*, 122 P.3d 686, 690 (Utah Ct. App. 2005), offers no adequate argument that the partial stay failed to satisfy § 78B-5-202(1). Indeed, in the section of its opening brief in which it discusses the

(*footnote continued*)

the judgment to July 20, 2025, making the LLC's March 2024 motion to terminate premature. Because the statutory tolling resolves this case, we decline to address the merits of the district court's equitable-tolling decision. *Id.* at \*2.

## CONCLUSION

For the reasons stated, we dismiss Tyler from this appeal but otherwise affirm the district court's order. The case is remanded for further proceedings in accordance with this opinion.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

stays, it concedes that the stays "prevented . . . collecti[on] on the judgment." Op. Br. at 26. So to the extent that the LLC makes the argument that the stays did not support statutory tolling, we consider it waived. *Hetronic Int'l, Inc. v. Hetronic Germany GmbH*, 99 F.4th 1150, 1168 n.16 (10th Cir. 2024) (treating an argument that lacks adequate support and explanation as waived).